debtor. This is in accord with the conclusion of the general term of the New York common pleas in Herrmann v. Stalp, 6 N. Y. Supp. 514.

While it has been held that it is not material to which court application is first made in these cases, I deem it to be the better practice to apply first to the county court, in which all questions concerning the validity of the judgment can be tested, and such practice will hereafter be required in this court. I will therefore withhold the granting of the decree asked for until the decision of the county court upon the application made to it for an order granting leave to issue executions on said judgments. It is therefore ordered that this proceeding be adjourned until the 15th day of January, 1894, at 10 A. M., to allow the petitioner opportunity to have the questions here considered submitted to that court.

---

### PEOPLE v. DILLON.

#### (Court of Sessions, Ulster County. January Term, 1894.)

JUDGE—OBJECTIONS TO REGULARITY OF BOND.

On a trial before a court of special sessions, defendant cannot raise the question as to the regularity of the official bond of the presiding magistrate.

Appeal from court of special sessions.

Charles J. Dillon was convicted of a violation of the excise laws in selling liquor without a license, and appeals. Affirmed.

John F. Cloonan, for appellant.

F. Arthur Westbrook, Dist. Atty., for the People.

CLEARWATER, J. The defendant, on his arraignment before the court of special sessions on the 29th day of June, 1893, appeared by counsel, pleaded not guilty, demanded a trial by jury, and the case was adjourned to July 1st. On that day his counsel moved to dismiss the proceeding upon the following grounds:

"First, justice is not duly-qualified, acting justice of the peace; second, justice has failed to give bond required by section 58 of town law; third, alleged bond filed has never been approved by supervisor or town clerk, as required by section 58 of town law; fourth, justice has never filed, with county clerk of Ulster county, certificate that he has given or filed undertaking required by section 58 of town law; fifth, has no right or authority to entertain these proceedings."

—And then asked that a subpoena be issued to compel the town clerk to produce the requisite papers from the files of his office, to enable him to prove the motion well founded. The motion and the request were denied. His counsel was then sworn, and testified as follows:

"John F. Cloonan, being duly sworn, says: 'I went to office of town clerk this morning. Examined bond of James Kain. No indorsement of approval appears on said bond. Name of James Kain does not appear on certificate or acknowledgment thereto. I am of opinion that bond does not comply with section 58 of town law.'"

Another motion to dismiss was then made and denied, after which the jury was drawn, sworn, and the trial proceeded. The prosecution proved a variety of circumstances which entirely justified the jury in returning a verdict of guilty. The defense gave no proof. Error is assigned (1) because of the denial of the motion to dismiss; (2) because of the refusal of the justice to issue a subpoena to the town clerk; and (3) because of alleged remarks of counsel for the prosecution in summing up.

We are at a loss to understand how, upon a trial before a court of special sessions, the defendant can raise the question as to the regularity of the official bond of the presiding magistrate here suggested. It would be somewhat extraordinary for a judicial officer gravely to take evidence regarding the validity of his own title to the office which he fills, and to then determine, from the weight of that evidence, whether or not he was qualified to act. The embarrassment which would result from such a procedure is so apparent as to make comment or citation of authority unnecessary. If, in fact, the justice is not legally qualified, the law affords an adequate and speedy method of ousting him from the office which he usurps; but our system of jurisprudence hardly goes to the extent of authorizing a proceeding so abounding with possibilities for making the administration of justice ridiculous as to permit him to act as a judge in determining whether or not he is one. It does not sufficiently appear from the record transmitted to us that there was any transgression by counsel for the prosecution of the statute forbidding a reference to the failure of the defendant to testify in his own behalf; nor can we see any reason for disturbing the conviction. Judgment and conviction affirmed.